UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

J & J SPORTS PRODUCTIONS, INC.,

        Plaintiff,

v.                                                                              Case Number 08-11159-BC
                                                                                Honorable Thomas L. Ludington
CYNTHIA M. TRIER, and C.B., INC., dba
Jitterbug's Bar & Grill,

        Defendants.

_____ /

**ORDER SCHEDULING HEARING AND DIRECTING PLAINTIFF TO PROVIDE INFORMATION REGARDING CALCULATION OF DAMAGES**

On December 29, 2008, Plaintiff filed a motion for entry of default judgment against Defendants [Dkt. # 18]. Previously, Plaintiff filed its complaint on March 18, 2008, and on November 12, 2008, the Clerk entered defaults against Defendants Cynthia M. Trier and C.B., Inc. Now, in its motion for a default judgment, Plaintiff seeks an award of the following damages: $100,000 for count 1, a violation of the Communications Act of 1934 ("the Act"), 47 U.S.C. § 605; $50,000 for count 2, a violation of § 553 of the Act; and $800 for count 3, conversion.

Since Plaintiff has obtained an entry of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, the well-pled factual allegations of the complaint generally are accepted as true, except for those relating to the amount of damages. *See Antoine v. Atlas Turner, Inc.* 66 F.3d 105, 110 (6th Cir. 1995). The Court, however, must still determine whether the facts alleged in the complaint are sufficient to state a claim for relief as to each cause of action for which Plaintiff seeks a default judgment. Additionally, where the damages sought are not for a sum certain, the Court must determine the propriety and amount of the default judgment. *See* Fed. R. Civ. P. 55(b). Thus,

the Court will schedule a hearing to discuss the following issues related to a default judgment:

First, although Plaintiff brings causes of action under both § 605 and § 553, Plaintiff can only recover damages under one or the other. *See, e.g.*, *J & J Sports Prods., Inc. v. Ribeiro*, 562 F. Supp. 2d 498, 501 (S.D.N.Y. 2008) ("Where a defendant is found liable under both § 553 and § 605, a plaintiff is entitled to have damages awarded under § 605, which provides for greater recovery."). Plaintiff should indicate to the Court, in writing, in advance of the hearing, the cause of action under which Plaintiff elects to recover.

Second, Plaintiff must establish the propriety and amount of the default judgment that it seeks. For example, although Plaintiff seeks a statutory damage award of $100,000 under § 605, such a damage award is not justified by the facts pled by Plaintiff. Under § 605(e)(3)(C)(i)(II), the Court may award damages for each violation "in a sum not less than $1,000 or more than $10,000, as the court considers just. . . ." The Court may increase the amount of damages up to $100,000 if it "finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain." § 605(e)(3)(C)(ii).

In this case, Plaintiff alleges that Defendants' violation was willful based on the sign outside of the establishment advertising the boxing match that was illegally broadcast by Defendants. While this may establish willfulness, there is no justification for imposing the maximum fine of $100,000. The damages awarded by the Court "should take into account the proportionality between the loss suffered by the plaintiff and the profit gained by the defendant." *Ribeiro*, 362 F. Supp. 2d at 501. Facts relevant to this determination include the number of patrons in the establishment at the time the violation occurred, the seating capacity of the establishment, the various rates, including the residential rate, charged by the plaintiff for the viewing of the broadcast, and whether the defendant

charged patrons a cover for the viewing or was likely to have obtained significant profits in another manner. As one court has explained:

> When the exact number of patrons is unknown, courts will award a flat sum based on considerations of justice. When the exact number of patrons is known, the court will base the award on the number of patrons in the establishment who viewed the unauthorized showing multiplied by a number set by the court. This number varies widely from $20 to $300, although most courts set a number around $50.

*Id.* at 501-02 (internal citations omitted).

Ultimately, that court multiplied the pay-per-view residential price ($54.95) times the number of patrons in the bar (13) to achieve a total of $714.35, but then approximately doubled that to $1500, so that the award was not below the statutory minimum of $1,000. *Id.* at 502. Then, based on the fact that the violation was willful, the court multiplied the damages by a factor of three, resulting in $4,500 total damages. *Id.* In setting a factor of three, the court recognized that "although the amount of damages should be an adequate deterrent, a single violation is not so serious as to warrant putting the restaurant out of business." *Id.* (internal citation omitted) (also recognizing that the establishment was a small business, and because no cover was charged, the defendant's profits were likely minimal).

In this case, Plaintiff has pled the following evidence: There were twenty-one patrons in the viewing establishment at the time of the broadcast. Plaintiff charged establishments with a seating capacity of one to fifty people $800 for the broadcast and establishments with a seating capacity of fifty-one to one-hundred people $1200 for the broadcast. However, Plaintiff has not plead the seating capacity of the establishment in this case, nor indicated the rate that Plaintiff charged individual residents. To the extent that this information, or other information relevant to the calculation of damages, is available to Plaintiff, Plaintiff should provide this information to the

Court in writing, in advance of the hearing.

Third, and finally, Plaintiff's motion for a default judgment seeks recovery of attorney's fees and costs. However, Plaintiff's motion does not provide a dollar amount or explanation of the relevant attorney's fees and costs. Thus, Plaintiff should provide this information to the Court in writing, in advance of the hearing.

Accordingly, it is **ORDERED** that Plaintiff's motion for entry of default judgment [Dkt. # 18] is **SCHEDULED** for hearing on **February 23, 2009** at **2:00 p.m.**

It is further **ORDERED** that Plaintiff is **DIRECTED** to provide to the Court, in writing, on or before **February 10, 2009**, the information requested above, including, Plaintiff's election of a cause of action under which to recover damages, factual substantiation for an award of damages, and a detailed explanation for any requested award of attorney's fees and costs.

s/Thomas L. Ludington<br>THOMAS L. LUDINGTON<br>United States District Judge

Dated: January 29, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 29, 2009.

        s/Tracy A. Jacobs
        TRACY A. JACOBS

---